IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

MELBA RIDGEWAY                                                              PLAINTIFF

v.                              NO. 4:10CV01997 JLH

RUSSELLVILLE HOLDINGS, LLC, d/b/a
ST. MARY'S REGIONAL MEDICAL CENTER;
RADIOLOGISTS OF RUSSELLVILLE, P.A.;
WASHINGTON REGIONAL MEDICAL CENTER;
OZARK SURGICAL ASSOCIATES, LLC;
HEALTHSOUTH CORPORATION, d/b/a
HEALTHSOUTH REHABILITATION HOSPITAL
OF FAYETTEVILLE; DEPARTMENT OF HEALTH
& HUMAN SERVICES (MEDICARE);
STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY; SOUTHERN FARM BUREAU CASUALTY
INSURANCE COMPANY; and
SHELTER MUTUAL INSURANCE COMPANY                                           DEFENDANTS

## DECLARATORY JUDGMENT AND ORDER OF DISTRIBUTION

Comes before the Court the Complaint for Distribution and Declaratory Judgment in the above matter. Based upon statements of counsel, the record before the court, the file herein, and other things and matters, the Court being well and sufficiently advised, finds as follows:

1.   Jurisdiction and venue are proper in this Court. This matter was originally filed in State court and then later removed to this Court by separate Defendant Washington Regional Medical Center.

2.   The Plaintiff brought this action pursuant to Rule 57, Ark. R. Civ. P., and Ark. Code Ann. §23-89-207 and 208, to determine the rights and status of the parties with respect to a settlement that was reached between the Plaintiff and three insurance carriers and purported liens claimed by the Defendants herein.

3. On or about May 7, 2010 the Plaintiff herein was involved in an auto accident. Donna Hardman was driving her vehicle north on Highway 7, with her blinker on. Plaintiff, Melba Ridgeway was a passenger in Donna Hardman's vehicle. As the Hardman vehicle approached the intersection of Highway 7 and East "L" Street, Lucas Loving pulled out into the path of the Hardman vehicle causing a violent collision. As a result of the collision, bodily injuries occurred. Melba Ridgeway sustained out-of-pocket Medical & Special expenses in excess of $227,615.55.

4. Lucas Loving's insurance carrier, State Farm Mutual Automobile Insurance Company (hereinafter referred to as "State Farm") has offered to pay Lucas Loving's policy limits as full and final settlement of Melba Ridgeway's claim. Plaintiff has conditionally accepted Lucas Loving's offer as she believes that this offer is in her best interest and is a fair settlement of a contested claim when examined in the light of the issues, the uncertainty of a trial and the protracted nature of litigation.

5. Donna Hardman's insurance carrier, Southern Farm Bureau Casualty Insurance Company (hereinafter referred to as ("Farm Bureau") has offered to pay Donna Hardman's policy limits as full and final settlement of Melba Ridgeway's claim. Plaintiff has conditionally accepted Donna Hardman's offer as she believes that this offer is in her best interest and is a fair settlement of a contested claim when examined in the light of the issues, the uncertainty of a trial and the protracted nature of litigation.

6. Melba Ridgeway's insurance carrier, Shelter Mutual Insurance Company (hereinafter referred to as ("Shelter") has offered to pay Plaintiff her underinsured policy limits as full and final settlement of Melba Ridgeway's claim. Plaintiff has conditionally accepted the offer as she believes

that this offer is in her best interest and is a fair settlement of a contested claim when examined in the light of the issues, the uncertainty of a trial and the protracted nature of litigation.

7. Separate Defendant Russellville Holdings, LLC, d/b/a St. Mary's Regional Medical Center, by signing off on this Order agrees to accept as full payment any funds they received from Medicare and from Melba Ridgeway's supplemental Medicare policy and thus have waived their lien with regards to the settlement proceeds herein.

8. Separate Defendant Washington Regional Medical Center, by signing off on this Order agrees to accept as full payment any funds they received from Medicare and from Melba Ridgeway's supplemental Medicare policy and thus have waived their lien with regards to the settlement proceeds herein.

9. Separate Defendant Department of Health & Human Services (Medicare) has agreed to accept a reduced lien amount as full and final settlement of their lien. The parties to this action that have filed a responsive pleading all have a copy of the final lien letter from Medicare setting forth its lien. This Court orders that Department of Health & Human Services (Medicare) shall receive their lien amount from the settlement proceeds from the insurance carrier for Melba Ridgeway. Shelter is aware of the lien amount from Medicare and pursuant to their agreement with Plaintiff shall issue a separate check to Medicare for full payment of their lien.

10. The Court finds that Separate Defendant Ozark Surgical Associates, LLC, Radiologists of Russellville, P.A., and Healthsouth Hospital of Fayetteville, have been properly served with a copy of the Summons and Complaint for Distribution and Declaratory Judgment filed herein. The time for filing a response by said Defendants has expired. These Defendants have not filed a responsive pleading. Ozark Surgical Associates, LLC., Radiologists of Russellville, P.A. and Healthsouth

3

Hospital of Fayetteville are in default. The Court specifically finds that separate Defendants Ozark Surgical Associates, LLC., Radiologists of Russellville, P.A. and Healthsouth Hospital of Fayetteville, have waived and given up their right to participate in the distribution herein by not filing a response to the Plaintiffs' Complaint for Distribution and Declaratory Judgment. In addition thereto, the Court notes that Medicare has made payments to Ozark Surgical Associates, LLC., Radiologists of Russellville, P.A. and Healthsouth Hospital of Fayetteville, on behalf of Melba Ridgeway and thus the Court finds that they have been fully compensated herein. In addition thereto, the Court finds because the policy limits are not adequate to provide full compensation to Melba Ridgeway, that Melba Ridgeway is not made whole as a result of this settlement. Therefore, if Ozark Surgical Associates, LLC., Radiologists of Russellville, P.A. and Healthsouth Hospital of Fayetteville had properly filed a lien it would be void.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED, that the Plaintiff, Melba Ridgeway, is entitled to settle her claims against Lucas Loving and his insurance carrier, State Farm Mutual Automobile Insurance Company, Donna Hardman and her insurance carrier Southern Farm Bureau Casualty Insurance Company, and her own insurance carrier, Shelter Mutual Insurance Company and that the Defendants listed herein are not entitled to any lien in said settlement proceeds except as set forth above.

IT IS SO ORDERED this 15th day of April, 2011.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE

AGREED TO:

/s/ Louis A. Etoch
Louis A. Etoch louis@etochlaw.com
Attorney for Plaintiffs
727 Cherry St.
Helena, AR 72342
(870) 338-3591

/s/ Andrew C. Cozart
Andrew C. Cozart, Ark Bar No 90202
Associate Counsel
Washington Regional Medical Center
P.O. Box 9687
Fayetteville, AR 72702
(479)463-6022

/s/ Tim Boone
Mr. Tim Boone
Attorney for Russellville Holdings, LLC
Munson, Rowlett, Moore & Boone, P. A.
400 West Capitol, Suite 1900
Little Rock AR 72201

/s/ John Moore
Mr. John Moore
Attorney for Shelter Insurance
Munson, Rowlett, Moore & Boone, P. A.
400 West Capitol, Suite 1900
Little Rock AR 72201

/s/ Ryan Norton
Mr. Ryan Norton
Attorney for Southern Farm Bureau
HARDIN, JESSON & TERRY, PLC
P.O. Box 10127
Ft. Smith AR 72917-0127

/s/ Jim Tilley
Mr. Jim Tilley
Attorney for State Farm
Watts, Donovan & Tilley
200 River Market Ave., Ste. 200
Little Rock AR 72201-1769